# RECORD APPENDIX

*MP 04-30014-*
*MAP*

Indictment Number (98-2391) ................... 1

Indictment Number (98-2392) ................... 2

Indictment Number (98-2393) ................... 3

Hampden Superior Court,
        Docket Entry Sheet ...................... 4-12

Appeals Court,
        Docket Entry Sheet ...................... 13-16

Supreme Judicial Court,
        Docket Entry Sheet ...................... 17-18

Appeals Court Decision,
        Number (99-P-2171) ...................... 19-23

Denial of New Trial Motion ................... 24-25

Appeals Court,
        Docket Entry Notice ...................... 26

Appeals Court Decision,
        Number (03-P-1494) ...................... 27-30

Supreme Judicial Court,
        Notice of Denial, F.A.R. Application ..... 31

Motion for a Bii of Particulars ............... 32

Grand Jury Minutes ........................... 33-49

Photo's of Crime Scene ....................... 50-53

i

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

**SUPERIOR COURT**
**INDICTMENT NO: 98 2391**

### COMMONWEALTH

### VS.

### ROBERT PELLETIER

---

### INDICTMENT
### BREAKING AND ENTERING IN THE DAYTIME
### GENERAL LAWS CHAPTER 266, SECTION 18

---

At the Superior Court, begun and holden at SPRINGFIELD, within and for the COUNTY of HAMPDEN, on the first Tuesday of November 1998. The GRAND JURORS for the Commonwealth of Massachusetts on their oath present that:

### ROBERT PELLETIER

defendant herein, of HOLYOKE in the COUNTY of HAMPDEN, on or about October 9, 1998, at Holyoke in the COUNTY of HAMPDEN, did break and enter in the daytime the dwelling house of Luz Flores situated in said Holyoke, in said County, with intent therein to commit a felony.

_Foreman of the Grand Jury_

**A TRUE BILL**

_Ass't_ _District Attorney_

RETURN

HAMPDEN, ss  On this *17th* day of *November* , 1998, this indictment was returned and presented to said Superior Court by the Grand Jury, and ordered to be filed and filed.

ATTEST: _____ Assistant Clerk

0 0

RA 2

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

**SUPERIOR COURT**
**INDICTMENT NO: 98  2092**

## COMMONWEALTH

### VS.

### ROBERT PELLETIER

---

## INDICTMENT
### BREAKING AND ENTERING IN THE DAYTIME
### GENERAL LAWS CHAPTER 266, SECTION 18

---

At the Superior Court, begun and holden at SPRINGFIELD, within and for the COUNTY of HAMPDEN, on the first Tuesday of November 1998. The GRAND JURORS for the Commonwealth of Massachusetts on their oath present that:

### ROBERT PELLETIER

defendant herein, of HOLYOKE in the COUNTY of HAMPDEN, on or about October 9, 1998, at Holyoke in the COUNTY of HAMPDEN, did break and enter in the daytime the dwelling house of Luz Flores situated in said Holyoke, in said County, with intent therein to commit a felony.

_Foreman of the Grand Jury_

**A TRUE BILL**

_District Attorney_

RETURN

HAMPDEN, ss  On this *17th* day of *November* , 1998, this indictment was returned and presented to said Superior Court by the Grand Jury, and ordered to be filed and filed.

ATTEST: _____ Assistant Clerk

0 0 2

# HAMPDEN SUPERIOR COURT

98.2391

**COMMONWEALTH VS.**    ROBERT PELLETIER

See

Offense: BREAK & ENTER IN THE DAYTIME 266/18    Bail:

Counsel: 2.    Donald Frank 95 State 733-2898.

(See # 6) Linda Pisano,ADA.

41. Thomas H. Townsend, A.D.A.

| | | |
|---|---|---|
| 1998 Nov. 17 | 1 | Entered |
| | 30 | Atty. D. Frank appc'd r-53 |
| | 2 | NAC/APP |
| | | PNC |
| | | $5,000.00 c/s w/o prej. (Josephson, J.) |
| | 3 | Mitt |
| Dec. 3 | 4 | Comm's. List of Wits. |
| | 5 | Comm's. Mot. for Recip. Disc. |
| DEC. 14 | 6 | PCR. |
| | 7 | Comm's list of witnesses. |
| 1999 Jan. 21 | 8 | Mot. to suppress |
| | 8a | Aff. |
| | 9 | Mot. to file mots. late |
| | 9a | Aff. |
| | 10 | Mot. for a Bill of Particulars |
| | 29 | |
| Feb. 1 | 11 | Mot. for Competency Examination |
| | 12 | Mot to Dismiss Appointed attorney and to Appoint New Attorney |
| | 13 | Comm's. Mot. to Continue Trial Date. |
| | 4 | End. on #13—Allowed (Josephson, J.). |

# HAMPDEN SUPERIOR COURT

98 2391

COMMONWEALTH VS.                    ROBERT PELLETIER

Offense:                                          See

Counsel:                                          Bail:

| | X | Entered | Page 2 |
|---|---|---|---|
| 1998 April 20 | | | |
| | 28 | Mitt. | |
| 1999 April 27 | 29 | Sent: MCI CJ 7-10 Yrs. | |
| | | Credit 199 Days | |
| | | R. 64 & R. 65 read | |
| | | V/W $60.00 | |
| | 30 | Cert. Re: R. 65 | |
| May 21 | 31 | Notice of Appeal. N.7/27/99 | |
| | 32 | Mot. for appt. of counsel. N.7/27/99 | |
| July 27 | 33 | Certificate and Order for trans. (McDonald, J.) | |
| | | Not. Judith Freer and Lois Costa, Court Reporters. | |
| Aug.19 | | End. on #32 -- Allowed. (McDonald, J.) N.8/23/99 | |
| | 34 | NAC. | |
| 23 | | Notified: Denise Simonini, CPCS-Boston. | |
| September 1 | 35 | Notice Of Apparence Of Counsel | |
| Dec.   20 | 36 | Not. of assembly of record on appeal. | |
| | 37 | Cert. in re: delivery of transcripts. | |
| 2001 Jan. 3 | 38 | Mot. to vacate sent. and conduct new sentencing hearing. n. 1/4. | |
| | 39 | Memo. n. 1/4. | |

98 2331

| | | |
|---|---|---|
| | 33 | Aff. |
| AP Jan. 4 | | |
| Apr 19 | 40 | Voluntary motion to withdraw without prejudice.  N. 5/8/01 |
| | 40a | Affidavit.  N. 5/8/01 |
| May 8 | | End. on #40--Allowed.  (McDonald, J.)  N. 5/11/01 |
| 02. Aug. 29 | 41 | App. |
| * | 28 | 42 | Mot. for new trial. n. 9/9. |
| | 43 | Memo. in support of motion for new trial n. 9/9. |

the Supreior Court, my property

of Hampden to be affixed on this

____ day of November, 20__

_____

_____ Clerk

# HAMPDEN SUPERIOR COURT

## COMMONWEALTH VS.    ROBERT PELLETIER

See

98-2391

98·2392

Offense: BREAK & ENTER IN THE DAYTIME   266/18    Bail:

Counsel:

| Date | # | Entry |
|---|---|---|
| 1998 Nov. 17 | 1 | Entered |
| 1999 April 16 | 2 | Jury trial (with 98-2391 and 98-2393) (McDonald, J.) |
| 20 | 3 | Verdict: Guilty |
| 27 | | Sent: MCI CJ 7-10 Yrs. |
| | | Conc. W/98-2391 |
| | | R. 64 & R. 65 read |
| | | Credit 199 Days |
| May 21 | | Notice of Appeal. N.7/27/99 |
| | | Mot. for appt. of counsel. N.7/27/99 |
| July 27 | | Certificate and Order for trans. |
| | | Mot. Judith Freer and Lois Costa, Court Reporters. |
| Aug. 19 | | End. on Mot. for appt. of counsel -- Allowed. (McDonald, J.)N.8/23/99 |
| | | NAC. |
| | | Notified: Denise Simonini, CPCS-Boston. |
| September 1 | | Notice Of Appearance Of Counsel |
| Dec. 20 | | Not. of assembly of record on appeal. |
| | | Cert. in re: delivery of transcripts. |
| 20001 Jan. 3 | | Mot. to vacate sent. and conduct new sentencing hearing. n. 1/4. |
| | | Memo. n. 1/4. |

98·2392

| | |
|---|---|
| 2001 Jan. 4 | Aff. |
| Apr. 9 | Voluntary motion to withdraw without prejudice. N. 5/8/01 |
| | Affidavit N. 5/8/01 |
| May 8 | End. on Voluntary motion to withdraw without prejudice--Allowed. (McDonald, J.) |
| | N. 5/11/01 |
| 2002. Aug. 29 | App. |
| * 28 | Mot. for new trial n. 9/9. |
| | Memo. in support of mot. for new trial. n. 9/9. |

TRUE COPY

IN WITNESS whereof, I have hereunto
set my hand and affixed the seal
of the Superior Court for the County
of Hampden to be affixed on this
___ day of ___

Deputy Assistant Clerk

# HAMPDEN SUPERIOR COURT

98-2393

COMMONWEALTH VS. ROBERT PELLETIER

See 98-2391

Offense: POSS OF BURGLARIOUS TOOLS 266/49

Bail:

Counsel:

| | | |
|---|---|---|
| 1998 Nov. 17 | 1 | Entered |
| 1999 April 16 | | Jury trial (with 98-2391, 98-2392) (McDonald, J.) |
| 20 | 2 | Verdict: Guilty |
| 27 | | Ordered placed on file w/ consent of Deft. |
| May 21 | | Notice of Appeal. N.7/27/99 |
| | | Mot. for appt. of counsel. N.7/27/99 |
| July 27 | | Certificate and Order for trans. (McDonald, J.) |
| | | Not. Judith Freer and Lois Costa, Court Reporters. |
| Aug. 19 | | End. on Mot. for appt. of counsel -- Allowed. (McDonald, J.)N.8/23/99 |
| | | NAC. |
| 23 | | Notified: Denise Simonini, CPCS-Boston. |
| September 1 | | Notice Of Appearance Of Counsel |
| Dec. 20 | | Notice of assembly of record on appeal. |
| | | Cert. in re: Delivery of transcripts. |
| 2002, Aug. 29 | | App. |
| * 28 | | Mot. for new trial. n. 9/9. |
| | | Memo. in support of motion for new trial. n. 9/9. |

A TRUE COPY OF THE DOCKET ENTRIES. In witness whereof I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on this 13th day of [illegible], 2003

[signature] Clerk.

Deputy Assistant

HAMPDEN SUPERIOR COURT
Case Summary
Criminal Docket

### HDCR1998-02391
## Commonwealth v Pelletier, Robert

| | | | |
|---|---|---|---|
| **File Date** | 11/17/1998 | **Status** | Disposed: Appeal Assembled (dapassem) |
| **Status Date** | 11/13/2003 | **Session** | 1 - Crim 1 CtRm 1 |
| **Jury Trial** | Unknown | **Origin** | I - Indictment |
| **Lead Case** | | | |

| | | |
|---|---|---|
| **Trial Deadline** | **Deadline Status** | |
| | **Custody Status** | **Status Date** |
| **Weapon** | **Substance** | **Start Date** |
| **Arraignment** | **PTC Deadline** | **Prior Record** Unknowr |
| | | **Pro Se Defendant** No |

#### OFFENSE

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 11/17/1998 | 266:018.2 | Active | 10/26/2000 |
| | Break & enter dwelling house in day time | | | |

#### PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 11/17/1998

**Defendant**
Robert Pelletier
Gender: Unknown
Active 11/17/1998

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 1/17/1998 | 1.0 | Indictment returned |
| 5/05/2003 | 45.0 | Motion by Deft: to vacate sentence and conduct new sentencing hearing n. 5/14 |
| 5/05/2003 | 45.1 | Affidavit of in support of motion to vacate sentence and conduct new sentencing hearing |
| 5/05/2003 | 46.0 | Deft files memorandum of law in support of motion to vacate sentence and conduct new sentencing hearing |
| 5/09/2003 | | Status at conversion to computer May 09, 2003 (see docket book for other entries) |
| 5/09/2003 | 44.0 | Rescript received from Appeals Court; judgment AFFIRMED |
| 8/05/2003 | 47.0 | Motion by Deft: for leave to supplement memorandum of law in support of defendant's motion to vacae sentence and conduct new sentencing hearing pursuant to M.R.C.P. rule 30(a) n. 8/7 |
| 8/05/2003 | 48.0 | Deft files supplemental attachment to memorandum of law in support of |

ase01 205445 y y y y y y y y

### HDCR1998-02391
### Commonwealth v Pelletier, Robert

| Date | Paper | Text |
|------|-------|------|
|  | 48.0 | defendant's motion to vacate sentence and conduct new sentencing hearing pursuant to M.R.C.P. rule 30(a) |
| 8/29/2003 |  | Motion (P#47) allowed (McDonald, Justice). Copies mailed October 22, 2003 |
| 0/17/2003 |  | Motion (P#45) denied (see pleading) (McDonald, J) . Copies mailed 10/22/03 |
| 0/20/2003 |  | Motion (P#42) Denied (see pleading) (McDonald, J) n. 10/22 |
| 1/03/2003 | 49.0 | NOTICE of APPEAL FILED by Robert Pelletier as to motion to vacate sentence and conduct new sentencing hearing. N.11/10/03 |
| 1/03/2003 | 50.0 | NOTICE of APPEAL FILED by Robert Pelletier as to new trial motion. N.11/10/03 |
| 1/13/2003 | 51.0 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |

A TRUE COPY
OF THE ORIGINAL MINUTES:
IN WITNESS whereof I have hereunto
set my hand and have caused the seal
of the Superior Court of the County
of Hampden to be affixed on this
_____ day of _November__ ____
_____
Deputy Assistant Clerk

07/23/03    COMMONWEALTH OF MASSACHUSETTS    RA 13    Page 1
APPEALS COURT

1999-P-2171

COMMONWEALTH vs. ROBERT PELLETIER

| | |
|---|---|
| ENTRY DATE 12/23/99 | CASE STATUS Closed: Rescript issued |
| STATUS DATE 05/07/03 | CASE NATURE CRIMINAL |
| APPELLANT D | SUB NATURE B&E Daytime |
| READY DATE 06/09/00 | ARGUED/SUBMTD 05/03/01 |
| PANEL LK GS KF | DECIDED 06/12/02    PUBLIC y |
| DISPOSITION | OPINION TYPE 1:28    CASE TYPE Criminal |
| TRIAL JUDGE McDonald C.B. | TRIAL CT Hampden Superior Court |
| TC ENTRY DATE 11/17/98 | TC DOCKET NO 98-2391 |
| SJ DOCKET NO | CITATION 55    Mass. App. Ct. 1103 |

Commonwealth
Plaintiff/Appellee
Red brief & appendix filed
1 Extensions, 31 Days
Active 12/23/99

Jane Davidson Montori, A.D.A.
Office of the District Attorney/Hampde
Chief, Appellate Division
Hall of Justice, 50 State Street
Springfield MA 01102-0559
Phone: 413-452-1103
Fax: 413-731-2432
546543 Active 12/23/99 Notify

Thomas H. Townsend, A.D.A.
Office of the District Attorney/Hampde
Hall of Justice, 50 State Street
Springfield MA 01102-0559
Phone: 413-452-1113
Fax: 413-731-2432
636309 Active 06/09/00

Robert Pelletier
Defendant/Appellant
Souza-Baranowski Corr. Center
P.O. Box 8000          (W-66434)
Shirley MA 01464-8000
Blue brief & appendix filed
1 Extensions, 66 Days
Active 12/23/99

David J. Dubinsky, Esquire
225 Friend Street, 5th Floor
Boston MA 02114
Phone: 617-227-8400
551203 Active 05/05/03 Notify

Hampden Superior Court Dept.
(Lower Court: Criminal)
Clerk for Criminal Business
50 State Street - P.O. Box 559
Springfield MA 01102
Phone: 413-748-7638 FAX: 413-737-1611

07/23/03                  COMMONWEALTH OF MASSACHUSETTS        RA 14              Page 2
                                   APPEALS COURT

                                    1999-P-2171

                         COMMONWEALTH vs. ROBERT PELLETIER

Active 12/23/99

                            * * *   D O C K E T   * * *
-------------------------------------------------------------------------------
PAPER  DATE      ENTRY
------ --------  ---------------------------------------------------------------

       12/23/99  Transcripts received: vols: 4; sets: 2; Cab: b; Shelf: 4.

       03/01/00  Addl Transcripts received: vols: 2; sets: 2 in Clerk's
                 envelope.

 1.0   12/23/99  Entered.

 2.0   01/04/00  MOTION to extend brief & appendix due date, filed by Robert
                 Pelletier.

       01/04/00  RE#2: Extension to 04/07/2000 granted for filing of brief of
                 Robert Pelletier, Defendant/Appellant. No further enlargement.
                 Notice.

 3.0   04/07/00  SERVICE of brief & appendix for Defendant/Appellant Robert
                 Pelletier.

 4.0   05/10/00  MOTION to extend brief due date of Commonwealth w/attach.

       05/10/00  RE#4: Extension to 06/08/2000 granted for filing of brief of
                 Commonwealth, Plaintiff/Appellee. Notice to counsel.

 5.0   06/09/00  SERVICE of brief & supplemental appendix for Plaintiff/Appellee
                 Commonwealth.

 6.0   06/29/00  MOTION to extend reply brief due date, filed by Robert
                 Pelletier.

       06/29/00  RE#6 Allowed to 6/29/2000. *Notice.

 7.0   06/29/00  Appellant's CERT. OF SERVICE: reply brief, filed by Robert
                 Pelletier along with supplemental appendix.

 8.0   04/06/01  Notice of 05/03/2001, 9:30 A.M. argument at Suffolk County
                 Courthouse sent.

       05/03/01  Oral argument held. (LK GS KF).

 9.0   06/05/02  Letter from Robert Pelletier re: status of case.

10.0   06/12/02  Decision: Rule 1:28 (LK GS KF). Judgment affirmed. *Notice.
                 (See image on file.)

       07/09/02  Copy of FAR application of Robert Pelletier.

07/23/03

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT

RA 15

Page 3

1999-P-2171

COMMONWEALTH vs. ROBERT PELLETIER

\* \* \*   D O C K E T   \* \* \*

----------------------------------------------------------------------

| PAPER | DATE | ENTRY |
|-------|------|-------|
| 11.0 | 07/10/02 | ORDER: "The issuance of the rescript in the above-captioned matter is stayed pending further order of the court." (Lenk, Gelinas, & Kafker, J.J.) *Notice/Image. |
| 12.0 | 07/25/02 | Letter from Robert Pelletier re: request a copy of docket entries and decision. |
| | 07/26/02 | RE#12: A copy of the docket and this Court's decision are forwarded this date. *Notice/Robert Pelletier. |
| 13.0 | 11/15/02 | Letter from Robert Pelletier requesting copy of docket sheet. |
| | 11/19/02 | Copy of docket sent to Robert Pelletier. |
| 14.0 | 01/21/03 | Letter from Clerk's Office re: amended Rule 1:28 decision w/amended Rule 1:28 decision attached. (Decision imaged as paper #14) (Letter is separately imaged as paper #14.1) |
| 14.1 | 01/21/03 | Letter from Clerk's Office re: amended Rule 1:28 decision. |
| 15.0 | 03/18/03 | MOTION to withdraw as counsel for Robert Pelletier, filed by David J. Dubinsky. |
| | 03/24/03 | RE#15: Allowed. The defendant is deemed to be proceeding pro se. (Lenk, Gelinas, and Kafker, JJ.) *Notice. |
| 16.0 | 03/24/03 | ORDER: "It is hereby ordered that the order entered July 10, 2002 staying the issuance of the rescript be, and hereby is, VACATED." (Lenk, Gelinas, and Kafker, JJ.) *Notice/Image. |
| 17.0 | 04/07/03 | Letter from David J. Dubinsky, Esquire re: request no action on the Motion to Withdraw. |
| | 04/07/03 | RE#17 The motion was allowed by the panel on 3/24/03. Counsel may file a motion to reconsider. Notice. |
| 18.0 | 05/01/03 | Motion to reconsider paper #15, filed by Robert Pelletier. |
| | 05/01/03 | FAR DENIED (on 04/30/03). |
| | 05/05/03 | RE#18 Atty Dubinsky's appearance on behalf of Robert Pelletier is reinstated. *Notice. |
| | 05/07/03 | RESCRIPT to Trial Court. |
| 19.0 | 07/23/03 | Letter from Robert Pelletier re: request for docket. |

07/23/03

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT

1999-P-2171

COMMONWEALTH vs. ROBERT PELLETIER

### * * * D O C K E T * * *

| PAPER | DATE | ENTRY |
|-------|------|-------|
| | 07/23/03 | Copy of docket sent to Robert Pelletier at S.B.C.C. |

07/23/03

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT
FOR THE COMMONWEALTH

RA 17

Page 1

FAR-12760

COMMONWEALTH vs. ROBERT PELLETIER

| | | |
|---|---|---|
| ENTRY DATE 07/05/02 | CASE STATUS FAR denied | |
| STATUS DATE 04/30/03 | NATURE Crim: nonhomicide nondrug | |
| AC DOCKET NO 1999-P-2171 | AC ENT/RESC 06/12/02 | CLERK DL |
| APPELLANT D | APPLICANT D | CV/CR CR |
| LEAD CASE | RELATION | OPPOSE 07/15/02 |
| FC DOCKET NO | CITATION 439 Mass. 1104 | |
| TRIAL JUDGE McDonald C.B. | TRIAL CT Hampden Superior Court | |
| TC ENTRY DATE 11/17/98 | TC DOCKET NO 98-2391 | PUBLIC y |

Commonwealth
Plaintiff/Appellee
Active 12/23/99

Jane Davidson Montori, A.D.A.
Office of the District Attorney/Hampde
Chief, Appellate Division
Hall of Justice, 50 State Street
Springfield MA 01102-0559
Phone: 413-452-1103
Fax: 413-731-2432
546543 Active 12/23/99 Notify

Thomas H. Townsend, A.D.A.
Office of the District Attorney/Hampde
Hall of Justice, 50 State Street
Springfield MA 01102-0559
Phone: 413-452-1113
Fax: 413-731-2432
636309 Active 06/09/00

Robert Pelletier
Defendant/Appellant
S.B.C.C. (W-66434)
P.O. Box 8000
Shirley MA 01464-8000
Active 12/23/99 Notify

David J. Dubinsky, Esquire
225 Friend Street, 5th Floor
Boston MA 02114
Phone: 617-227-8400
551203 Active 12/23/99 Notify

Hampden Superior Court Dept.
(Lower Court: criminal)
Clerk for Criminal Business
50 State Street - P.O. Box 559
Springfield MA 01102
Phone: 413-748-7638
Active 12/23/99

* * *    D O C K E T    * * *
------------------------------------------------------------------------
PAPER DATE    ENTRY
------------------------------------------------------------------------

07/05/02 Docket opened.

07/23/03

COMMONWEALTH OF MASSACHUSETTS    RA 18
SUPREME JUDICIAL COURT
FOR THE COMMONWEALTH                     Page 2

FAR-12760

COMMONWEALTH vs. ROBERT PELLETIER

## * * * D O C K E T * * *

------------------------------------------------------------------------
PAPER DATE      ENTRY
------ --------  ------------------------------------------------------------
1.0 07/05/02  FAR APPLICATION of Robert Pelletier, filed by David J.
              Dubinsky, Esquire.

2.0 11/15/02  Letter from Robert Pelletier to request the docket entries.
              (Docket sheets sent to him)

3.0 01/07/03  LETTER: From Mr. Pelletier regarding case status. (Docket sheet
              sent.).

4.0 03/10/03  LETTER: Defendant to proceed Pro se and has requested counsel
              to withdraw from case.

5.0 03/10/03  LETTER: Defendant requesting a copy of docket sheets. (Docket
              sheet sent 3/10/03.) (Further response sent 3/19/03, copy to
              file.)

6.0 04/01/03  LETTER from Atty. Dubinsky: Defendant asked counsel to remain
              invloved in the case. *Noted.

7.0 04/16/03  Revised Decision (issued 1/22/03) obtained from Appeals Court
              (see Footnote 3 for revision).

8.0 04/30/03  DENIAL of FAR application.

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

99-P-2171

COMMONWEALTH

vs.

ROBERT PELLETIER.

## MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

We agree with the Commonwealth that the defendant's motion to suppress, and the accompanying affidavit, did not in the first instance raise with adequacy the issues of seizure and search, see Mass.R.Crim.P. 13(a)(2). The motion judge might well have been within his discretion to decline to hear and rule on the motion. See Commonwealth v. Pope, 15 Mass. App. Ct. 505, 506-507 (1983). The judge nevertheless went forward, and, apparently based on an indulgent reading of the documents, declared that "what we are hearing today is . . . a motion to suppress . . . the fruits of a pursuit, stop and search of Mr. Pelletier, because the pursuit, the stop and the search [was] made without probable cause. . . ." The Commonwealth made no objection, either as to proceeding on the motion or as to the judge's inclusion of the stop within the evidentiary proceedings. We agree with the defendant that the judge, within his discretion, agreed to hear and consider the validity of the stop as part of the subject matter of the motion to suppress.



The officers received a dispatch about a balding white male
wearing a gray jacket and jeans acting suspiciously in the area
of 63-65 Sycamore Street.  Officer Wagner had a duty to
investigate further when he saw the defendant, fitting the
description given in the dispatch, coming out of a yard about one
hundred yards away from 63 Sycamore Street.  See Commonwealth v.
Sumerlin, 393 Mass. 127, 131 (1984).  The defendant claims that
he was seized by the officers when Officer Wagner and another
officer, Officer Saj, responding to the dispatch as well, stopped
their cruisers, one in front of and one in back of the defendant.
The cases cited by the defendant do not lend support to his
argument; in those cases the police positioned their cruisers so
that cars in which the defendants were sitting were blocked and
prevented from moving.  Here, the defendant was on foot, and
whether he was on the sidewalk or in the road (the findings and
the evidence are not clear on this point), there was no evidence
that he could not move away, or that he was blocked.

Here, as we "look to circumstances beyond the show of
governmental authority inherent in the mere presence of the
police . . . for circumstances that might indicate a seizure
. . .," Commonwealth v. Gunther G., 45 Mass. App. Ct. 116, 117
(1998) (internal citations omitted), we see no suggestion that
the officers used a siren, a horn or flashing lights, or that
they drew their guns, took hold of the defendant, or ordered him

2

not to move. Indeed, only one of the cruisers was a marked cruiser, Officer Wagner being in an unmarked car.[1] The initial contact with the defendant was inoffensive and, in the absence of evidence of intimidating and assertive conduct of the officers, cannot as a matter of law amount to the seizure of the defendant. See <u>United States</u> v. <u>Mendenhall</u>, 446 Mass. 544, 555 (1980).

Upon exiting the cruisers, the officers made inquiry of the defendant as to where he was coming from and where he lived. Again, these questions, in the circumstances, did not result in a seizure of the defendant. There is nothing in the evidence to suggest that the police were intimidating at this point, nor to suggest that a reasonable person would not think he was free to walk away. See <u>Mendenhall</u>, <u>supra</u> at 544. Here, the answers given by the defendant, that the houses near which the defendant had been seen were not his home, that he did not live on Sycamore Street, and did not know the street number of the house where he claimed to live, coupled with the officer's experience, the information received from the radio dispatch and his observations of the defendant who matched exactly the description in the dispatch and who was seen coming out of the yard of someone

---

[1]The defendant argues that Officer Wagner's testimony that he "detained" the defendant upon getting out of his cruiser supports his contention that the stop and seizure took place prior to any conversation with the defendant. We look to the officer's actions, judged by an objective standard, and not to the officer's subjective beliefs, to determine whether and when the stop and seizure took place.

else's house, permitted the officer to have a reasonable suspicion that the defendant has committed, was committing or was about to commit a crime. See Commonwealth v. Mercado, 422 Mass. 367, 369 (1996).

We agree with the motion judge that it was "at that point or shortly thereafter, [that] the officer did a pat frisk" and that "the pat-frisk was in all respects appropriate." ¹/ "There is no question that, if the officers had reasonable suspicion to justify a Terry stop (Terry v. Ohio, 392 U. S. 1 [1968]), they could effect a limited search for weapons to safeguard themselves from attack. See Commonwealth v. Ballou, 350 Mass. 751, 755 (1966); Commonwealth v. Fraser, 410 Mass. 541, 544-547 (1991)." Commonwealth v. Wright, 48 Mass. App. Ct. 912, 913 (1999). We conclude that the judge was correct to deny the defendant's motion to suppress the knife and the screwdriver found as a result of the pat frisk.

As to the defendant's motion to suppress his statements, these statements are not identified in the defendant's brief and no argument is made with respect to the statements. To the extent that such argument would depend on the illegality of the

---

¹/The defendant points to certain inconsistencies in the testimony of the officers. Although the judge found both officers credible, as to the sequence of events leading up to the pat frisk, the judge clearly adopted Officer Wagner's version, and this determination was his to make. Absent clear error, his subsidiary findings control. Commonwealth v. Sumerlin, 393 Mass. at 129 n. 2.

4

stop, that argument has been discussed and resolved above; otherwise, the argument is waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

Based on all of the above, we conclude that the judge was correct to deny the defendant's motion to suppress.

<u>Judgment affirmed</u>.

By the Court (Lenk, Gelinas
& Kafker, JJ.),

Ashley Ahearn
Clerk

Entered:  June 12, 2002.

5

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
CRIMINAL ACTION
NO. 98-2391

## COMMONWEALTH

vs.

## ROBERT PELLETIER

Denied. The indictments charging separate breakings and enterings with the intent to commit a felony were not infirm for failure to identify the felony intended. Com. v. Porcher, 26 Mass. App. Ct. 517, 521 (1988); Com. v. Willard, 53 Mass. App. Ct. 650, 656 (2002). Accordingly, failure by the defendant's counsel at the pre-trial stage to move to dismiss the indictments was not ineffective assistance of counsel, nor was the failure of appellate of counsel to raise this issue on appeal. For the same reason, the defendant's motion for a required finding of not guilty, if such motion was made, a circumstance not proved by the defendant's motion as the relevant transcript was not provided, was properly denied, and the Commonwealth's evidence otherwise was sufficient. Nor was the alleged failure to raise such issue on appeal ineffective assistance of counsel. Also, for the same reason, the court did not impermissibly amend or broaden the indictments by identifying the intended felony, under the facts of the case, as larceny. Id. The defendant failed to provide the transcript of the allegedly improper prosecutor's argument, but the motion acknowledged that the court instructed the jury that their recollection of the evidence would control. Any alleged misstatement was not persistent, flagrant, inflammatory, or calculated to unduly prejudice the jury. Com. v. BEI, Inc., 20 Mass. App. Ct. 974, 976 (1985). The court otherwise instructed the jury that the closing arguments were not evidence. The alleged errors of counsel did not fall measurably below that expected of an ordinary fallible appellate attorney, see Com. v. Saferian, 366 Mass. 89, 96 (1974), and the defendant has not shown that better performance by counsel might has accomplished something material for his appeal. See Com. v. Satterfield, 373 Mass. 109, 115 (1977). The evidence was sufficient to support the verdict, Com. v. Doucette, 408 Mass. 454, 456-457 (1990). N. 10-22.

COMMONWEALTH OF MASSACHUSETTS

denied. The indictment charges separate breakings and entering with the intent to commit a felony where not in sin (no failure to identify the felony intended. Com. v. Parcher, 26 Mass. App. Ct. 517, 521 (1988); Com. v. Willard, 53 Mass App Com Ct. 650, 656 (2002). Accordingly, failure by the defense at the pre-trial stage to move to dismiss the indictments was not ineffective assistance (of counsel), nor was the failure of appellate counsel to raise the issue on appeal. For the same reason, the defendant's motion for a required finding of not-guilt, if such motion was made, if otherwise not provided by the defendant's motion, as the relevant transcript were not provided, were properly denied, and the Commonwealth's evidence otherwise was sufficient. Nor were the alleged failure to raise such issue on appeal ineffective assistance of counsel. Also for the same reason, the court did not impermissibly amend on [crossed out] the indictments by identifying the intended felony under the facts of the case, as larceny. Id. The defendant failed to provide the transcript of the alleged improper prosecutor's argument, but the motion acknowledged that the court instructed the jury that their recollection of the evidence would control. Any alleged misstatement was not persistent, flagrant, inflammatory or calculated to [printed] induly prejudice the jury. Com. v. Bei, Inc., 20 Mass. App. Ct. 974, 976 (1985). The court otherwise instructed the jury that the closing argument were not evidence. The alleged errors of counsel did not fall measurably below that expected of an ordinary fallible appellate attorney. Com. v. Saferian, 366 Mass. 89, 96 (1974), and the defendant has not shown that better performance by counsel might have accomplished something material for his appeal. See Com. v. Satterfield, 373 Mass. 109, 115 (1977). The evidence was sufficient to support the verdict. Com. v. Douette, 408 Mass. 454, 466, 67 (1990).

HAMPDEN, ss.                    SUPERIOR COURT DEPARTMENT
                               CRIMINAL DIVISION

COMMONWEALTH                   INDICTMENT NO. s 98-2891
                               98-2892, 98-2893

ROBERT PELLETIER               HAMPDEN COUNTY
                               SUPERIOR COURT
                               FILED

DEFENDANT'S MOTION FOR A NEW TRIAL      AUG 28 2002
PURSUANT TO
MASS.R.CRIM.P. rule 30(b)               Marie B. Mazza
                                        CLERK-MAGISTRATE

The defendant hereby respectfully moves for a new trial and for other appropriate relief pursuant to Mass.R.Crim.P. 30(b). This is the defendant's first request for a new trial.

This motion is supported by attached affidavit and exhibits thereto, and the defendant's Memorandum of Law submitted herewith.

STATEMENT OF THE CASE
AND PROCEEDINGS

On October 9, 1998, the defendant was arrested and arraigned on a criminal complaint in Holyoke District Court.[1]

The complaint charged the defendant with the following four offences. 1, Breaking and Entering daytime for felony. 2, Possession of Burglarious tools. 3, Resisting Arrest, and 4, Destruction of Property. At some point during the same

1/ See exhibit (A): criminal complaint, Holyoke District Court.

McDonald, J.
10-20-03   n. 10/22.

n. 9/9.

3 CENTER PLAZA, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

November 5, 2004

Mr. Robert Pelletier
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, MA 01464-8000

RE:     No. 2003-P-1494

    COMMONWEALTH
      vs.
    ROBERT PELLETIER

NOTICE OF DOCKET ENTRY

Please take note that on November 5, 2004, the following entry was made on the docket of the above-referenced case:

Decision: Rule 1:28 (C KN BY) Order denying motion for new trial affirmed. Notice. (See image on file.)

                Very truly yours,

                The Clerk's Office

Dated: November 5, 2004

To:   Jane Davidson Montori, A.D.A.
      Mr. Robert Pelletier

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-1494

COMMONWEALTH

*vs.*

ROBERT PELLETIER.

Pending in the Superior

Court for the County of Hampden

Ordered, that the following entry be made in the docket:

Order denying motion for
new trial affirmed.

By the Court,

_____ ,Clerk

Date November 5, 2004.

NOTE:
The original of the within rescript
will issue in due course, pursuant
to M.R.A.P28

APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-1494

COMMONWEALTH

<u>vs</u>.

ROBERT PELLETIER.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 1:28</u>

In this appeal from the denial of his motion for a new trial, made after his direct appeal was rejected by this court,✓ the defendant makes essentially three claims: (1) his first appellate attorney provided ineffective assistance by not challenging the validity of the indictments; (2) the evidence against him was insufficient; and (3) the prosecutor's closing argument was improper. We discern no basis for disturbing the decision of the motion judge, who also was the trial judge. See <u>Commonwealth</u> v. <u>Wallis</u>, 440 Mass. 589, 596 (2003).

<u>Indictments</u>. "[A] burglary indictment need not . . . specify the intended felony by name, as the identity of the felony is not an element of the crime and the jury can find an intent to commit an unspecified felony." <u>Commonwealth</u> v. <u>Willard</u>, 53 Mass. App. Ct. 650, 656 (2002). We agree with the motion judge that the indictments were not infirm. Thus, a motion to dismiss the indictments was foredoomed.

<u>Sufficiency of the evidence</u>. The motion judge was well

---

✓<u>Commonwealth</u> v. <u>Pelletier</u>, 55 Mass. App. Ct. 1103 (2002).

within his discretion to reject the defendant's challenge and conclude that the evidence was more than sufficient to prove guilt beyond a reasonable doubt. The neighbor who called the police saw the defendant exiting the subject house near high noon on the date in question. The front porch screen window had been cut; there were fresh pry marks by the rear door; and an interior door had been ripped off its hinges. When stopped by the police officers, the defendant had a screwdriver and knife in his pants pocket. It is settled law that circumstantial evidence is sufficient to sustain a guilty verdict. See, e.g., Commonwealth v. Merola, 405 Mass. 529, 533 (1989).

Closing arguments. The defendant accuses the prosecutor of making misstatements in her closing argument. We disagree. See Commonwealth v. Silva, 401 Mass. 318, 329 (1987) (phrase "I suggest" is "a rhetorical device [designed] to urge the jury to draw inferences from the evidence favorable to [the] case"). Furthermore, the judge directed the jurors to use their "common sense, good reasoning, and good judgment." In light of these instructions, the jurors would not have concluded that the prosecutor was suggesting that the neighbor, Ms. Ferreira, somehow had the capacity to see through the solid structure of the house and observe the defendant standing on the far side, he says, vomiting. The defendant has failed to show serious incompetency, inefficiency, or inattention on appellate counsel's

2

part that deprived him of an otherwise available, substantial

ground of defense in respect to a potential appellate challenge

to the prosecutor's closing.   See <u>Commonwealth</u> v. <u>Saferian</u>, 366

Mass. 89, 96 (1974).   In short, even if the judge credited the

defendant's story about vomiting there, was ample time and

opportunity for the defendant to break into the back of the

house.

<div style="text-align: right">

<u>Order denying motion for new trial</u>
<u>affirmed</u>.

By the Court (Cypher, Kantrowitz,
  & Berry, JJ.),

*Ashley Ahearn*

Clerk

</div>

Entered: November 5, 2004.

3

# Supreme Judicial Court for the Commonwealth of Massachusetts
### One Beacon Street, Third Floor, Boston, Massachusetts 02108
### (617) 557-1020


Robert Pelletier
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, MA 01464-8000


RE:  Docket No. FAR-14512

**COMMONWEALTH**
**vs.**
**ROBERT PELLETIER**


Hampden Superior Court No. HDCR1998-02391
A.C. No. 2003-P-1494


NOTICE OF DENIAL OF F.A.R. APPLICATION


Please take note that on 12/23/04, the above-
captioned Application for Further Appellate Review was denied.


Susan Mellen, Clerk

Dated: December 23, 2004

To:  Jane Davidson Montori, A.D.A.
     Robert Pelletier

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CRIMINAL SESSION
DOCKET NO. 98-2391 and 98-2392

COMMONWEALTH

vs

ROBERT PELLETIER

MOTION FOR A BILL OF PARTICULARS

    Now comes the Defendant and moves this Honorable Court to require the Commonwealth to provide the time, place and manner for the above referenced matters. Defendant is unable to determine which of the several indictments apply to which conduct on the part of the Defendant. It otherwise appears duplicitous.

The Defendant Robert Pelletier,
By his attorney,

January   , 1999

_____
Donald W. Frank
BBO#545481
Frank & Frank, P.A.
95 State Street, 9th floor
Springfield, MA 01103-2005
(413) 733-2898; FAX 785-5666

UNTY
OURT

JAN 29 1999

_Marie _____
CLERK-MAGISTRATE

### CERTIFICATE OF SERVICE

    I hereby certify that I have this day served the foregoing by delivering a copy thereof, in hand, to the Office of the District Attorney, Hampden County Superior Court, 50 State Street, Springfield, MA 01103.

January   , 1999

_____
Donald W. Frank

C:\ACRIM\PELLETIE\PARTICS

RA 33

COPY

1

1                COMMONWEALTH OF MASSACHUSETTS

2  Hampden, ss
                                    Grand Jury

3

4

5

6  COMMONWEALTH OF MASSACHUSETTS

    VS

7  ROBERT PELLETIER

8

9

10

11       HEARING HELD BEFORE THE HAMPDEN COUNTY GRAND

12       JURY AT THE HAMPDEN COUNTY HALL OF JUSTICE,

13       50 STATE STREET, SPRINGFIELD, MASSACHUSETTS,

14       ON NOVEMBER 10, 1998.

15

16

17

18  APPEARANCE:

19  ELLEN BERGER, Assistant District Attorney

20

21

22

23                  M. Virginia Lanou
                    Court Reporter

6/98D

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

**PHILBIN & ASSOCIATES, INC.**

(413) 733-1078
Pittsfield: (413) 499-2231
FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1                                    INDEX

2    WITNESS                                                  PAGE

3    GARY WAGNER . . . . . . . . . . . . . . . . . . . . 3
     LUZ FLORES. . . . . . . . . . . . . . . . . . . . . 13
4

5

6    EXHIBITS                    DESCRIPTION                  PAGE
     Exhibit 1, Photograph . . . . . . . . . . . . . . . 8
     Exhibit 2, Photograph . . . . . . . . . . . . . . . 8
7    Exhibit 3, Photograph . . . . . . . . . . . . . . . 8
     Exhibit 4, Photograph . . . . . . . . . . . . . . . 8
8    Exhibit 5, Photograph . . . . . . . . . . . . . . . 8
     Exhibit 6, Photograph . . . . . . . . . . . . . . . 8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

TOWER SQUARE
1500 Main St., Suite 1514        PHILBIN & ASSOCIATES, INC.        (413) 733-4078
Springfield, MA 01115                                               Pittsfield: (413) 499-2231
                                                                    FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1    GARY WAGNER, sworn.

2         EXAMINATION BY MS. BERGER

3    Q.   State your name for the members of the Grand Jury.

4    A.   Gary Wagner.

5    Q.   How are you employed, sir?

6    A.   Police officer for the City of Holyoke.

7    Q.   Are you assigned to a particular division and shift

8    there?

9    A.   Right now I'm assigned to the chief's office, days.

10   Q.   Sir, were you involved in the investigation and

11   subsequent arrest of a Robert Pelletier for an incident that

12   occurred on or about October 9, 1998?

13   A.   Yes, I was.

14   Q.   Did you write a report with regard to your

15   participation in this investigation?

16   A.   Yes, I did.

17   Q.   Do you happen to have it with you today?

18   A.   Yes, I do.

19   Q.   Would you please read it to the members of the Grand

20   Jury?

21   A.   While operating an unmarked cruiser I was on Cabot

22   and Elm streets when dispatcher Erin Hance radioed that a lady

23   just got home at 65 Sycamore Street and saw a white male come

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

**PHILBIN & ASSOCIATES, INC.**

(413) 7¦3-4078
Pittsfield: (413) 4¦9-7231
FAX: (413) 7¦4-4588

Serving the legal community of Massachusetts for over fifty years

1   out of the front porch area of 63 Sycamore Street and then

2   walk into the back yard.  The witness, later to be ID'd as

3   Patricia Ferreira states that this male does not live there

4   and seemed very suspicious.  Miss Ferreira states that she was

5   unloading her car filled with groceries, going back and forth

6   from her car to her house and did not see this man for at

7   least five minutes or longer and then saw him come from the

8   back yard and start walking up the street towards Cabot

9   Street.

10       I arrived at Cabot and Sycamore streets along with

11  Officer Jan Saj who was in a marked cruiser and I looked north

12  on Sycamore Street and spotted a white male wearing a gray

13  jacket, blue jeans and balding.  This was the same description

14  that dispatcher Hance gave out over the radio.

15       Officer Saj and I stopped the suspect and asked him

16  where he was coming from.  This suspect, later to be ID'd as

17  Robert Pelletier stated from over there, meaning the white

18  house at 40 Sycamore Street.  We asked him where he lived and

19  he stated Walnut Street, but did not know what number.

20       Mr. Pelletier stated that he was visiting the

21  Sullivans at 40 Sycamore Street but Officer Westbrook arrived

22  and checked this house to find no one home.

23       A pat frisk of Mr. Pelletier's clothing was done for

TOWER SQUARE
1500 Main St., Suite 1514     PHILBIN & ASSOCIATES, INC.     (413) 733-4078
Springfield, MA 01115                                        Pittsfield (413) 499-2231
                                                             FAX: (413) 734-588

Serving the legal community of Massachusetts for over fifty years

1    officer safety and I felt a knife in Mr. Pelletier's rear

2    right pants pocket. I took this out and gave it to Officer

3    Saj. In Mr. Pelletier's front pants pocket I found a

4    screwdriver which I took out and also gave to Officer Saj.

5        I went to the complainants and witness' house at 65

6    Sycamore Street and Ms. Ferreira pointed out 63 Sycamore as

7    the house the suspect came from. I radioed Officer Saj to

8    bring the suspect down to my location as I checked the front

9    porch and found a cut screen on the first floor window and pry

10   marks on the rear door. I was not sure if these were new or

11   old marks and asked Ms. Ferreira if she knew where the owner

12   works. Ms. Ferreira stated that the owner, later ID'd as Luz

13   Flores, works at 57 Suffolk Street. We had dispatch contact

14   the owner and Ms. Flores responded to our location and checked

15   her house with Officer Saj.

16       I had secured from the scene when I heard Officer Saj

17   and Officer Charlebois radio that they were in foot pursuit of

18   Mr. Pelletier. I activated a siren and went to their location

19   where they finally apprehended Mr. Pelletier behind a home at

20   the corner of Sargeant and Locust streets.

21       Mr. Pelletier was placed under arrest and brought to

22   the station where he was booked and advised of his Miranda

23   rights by Lieutenant Whelihan.

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

**PHILBIN & ASSOCIATES, INC.**

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1       At the booking desk Mr. Pelletier stated that he has

2   a bad heroin and cocaine addiction.

3       Q.   Is it fair to say that you were working with an

4   Officer Saj with regard to that investigation?

5       A.   Yes.

6       Q.   Do you happen to have a report written by him with

7   you today?

8       A.   Yes, I do.

9       Q.   Would you please read his report?

10      A.   While assisting Officer Wagner with a B and E into a

11  dwelling I waited at the residence of the victim, 63 Sycamore

12  Street with the suspect Mr. Pelletier in the back seat of the

13  cruiser.

14      The victim, Ms. Luz Flores, arrived and she pointed

15  at all of the damage, all of the locations through which Mr.

16  Pelletier attempted to get into her house.  She pointed to a

17  screen leading from the porch into the house which had a hole

18  in it, then pointed to a storm window, ground level, which was

19  open, and the screen also pulled up.

20      Next Ms. Flores pointed to the pry marks on the door

21  near the lock.  That door leads from that rear porch into the

22  first floor of the house also.  She also pointed to the

23  outside wooden paneling which had a pry mark which was forced

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

**PHILBIN & ASSOCIATES, INC.**

(413) 73-4078
Pittsfield: (413) 49-231
FAX: (413) 73-4588

Serving the legal community of Massachusetts for over fifty years

1  open to the basement door.  That basement door, behind that

2  paneling, sustained the most damage.  It was torn from the

3  wall, which Mr. Pelletier made by body slamming it, causing

4  one of the wooden panels in that door to be smashed inward.

5  That is where entry was gained.

6      All the pry mark were consistent with the screwdriver

7  which Mr. Pelletier had on his person.

8      Upon Ms. Flores pointing out all of this damage I

9  then proceeded to the home of Ms. Ferreira who was the main

10 witness in this matter.  I at that point asked her to tell us

11 if the person in the cruiser was the person who she saw on the

12 front porch, and in the back of the house.  As she came out

13 of the house she pointed to Mr. Pelletier, who at that point

14 was running up Hampshire Street with Officer Robert Charlebois

15 in foot pursuit.

16     Mr. Pelletier opened the back window of the cruiser,

17 reached out with his hand and opened the door, allowing him to

18 flee.  She pointed at Mr. Pelletier and said that is the

19 person who she observed on the porch and in the rear.

20     As Officer Charlebois pursued Mr. Pelletier on foot,

21 I jumped into the cruiser, circled around Sargeant Street on

22 to Locust Street, where I cut Mr. Pelletier off in the back

23 yards of Locust Street.  I drew my service weapon and ordered

TOWER SQUARE
1500 Main St., Suite 1514    **PHILBIN & ASSOCIATES, INC.**    (413) 733-4078
Springfield, MA 01115                                         Pittsfield (413) 499-2231
                                                              FAX: (413) 734-4588

Serving the legal community of Massachusetts for over fifty years

1   Mr. Pelletier to stop, due to possible additional weapons he

2   might have had or picked up in the alley while fleeing.  At

3   that point Officer Charlebois, while in hot pursuit, came upon

4   Mr. Pelletier and placed Mr. Pelletier in handcuffs.

5          The Detective Bureau was contacted and Detective

6   Kevin Boyle arrived with a camera shortly after and made

7   photographs of the damage and of the entry point.

8          The screwdriver, along with the knife, were tagged

9   for evidence, and submitted to the Evidence Bureau.

10         Please be advised that I gave Mr. Pelletier his

11  Miranda rights as soon as I transported him to the front of

12  the victim's house, being 63 Sycamore Street, since Mr.

13  Pelletier made spontaneous remarks about being on the porch of

14  a white house of a friend named Dan Sullivan.  Please be

15  further advised that Dan Sullivan has not lived on that street

16  for over ten years, according to a neighbor in the area.

17       Q.    Is it fair to say that photographs were taken at the

18  scene?

19       A.    Yes, they were, by Detective Boyle.

20                   (Commonwealth Exhibit Nos.

21                    1 - 6, offered and marked.)

22       Q.    (By Ms. Berger)  Showing you what has been marked

23  Exhibit 1, do you recognize that?

TOWER SQUARE
1500 Main St., Suite 1514       **PHILBIN & ASSOCIATES, INC.**          (413) 733-4078
Springfield, MA 01115                                                   Pittsfield: (413) 499-2231
                                                                        FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1       A.    Yes.  That's the front of 63 Sycamore Street.

2       Q.    Would that be a color photograph of the front of the

3  home?

4       A.    Yes, it is.

5       Q.    Is it fair to say there's an enclosed porch on the

6  front of that house?

7       A.    Yes.  The front of the house has an enclosed porch

8  with two doors, one from the outside going to the porch and

9  also a door that you cannot see -- yes, you can, that goes

10  into that porch.

11       Q.    Was there a screen that was damaged on the inside,

12  interior screen window?

13       A.    Yes.  As you walk out to the porch the second window

14  on the right.

15       Q.    So you would have to enter through the door to get to

16  that window?

17       A.    Yes.  Enter two doors.

18       Q.    What type of damage was done?

19       A.    That screen was cut, lower screen was cut, had a hole

20  in it.

21       Q.    Does that photograph fairly and accurately describe

22  how the house looked on October 9 of 1998?

23       A.    Yes.

TOWER SQUARE
1500 Main St., Suite 1514        **PHILBIN & ASSOCIATES, INC.**        (413) 733-1078
Springfield, MA 01115                                                Pittsfield (413) 499-3231
                                                                     FAX: (413) 734-4588

Serving the legal community of Massachusetts for over fifty years

1       Q.    Showing you Exhibit 2.

2       A.    That's the inner window on that porch with the hole

3   over there.

4       Q.    The one that you were just describing, the screen?

5       A.    Yes.

6       Q.    Again does the photograph fairly and accurately

7   represent how the screen looked on October 9, 1998?

8       A.    Yes.

9       Q.    Showing you Exhibit 3, do you recognize that?

10      A.    Yes.  This is the rear door on the rear porch, the

11  small rear porch of the home.  That has a fresh pry marks here

12  to the right of the door handle.

13      Q.    Was entry made through that door at all?

14      A.    No, it was not.

15      Q.    Does that fairly and accurately represent how that

16  looked on October 9, 1998?

17      A.    Yes, it does.

18      Q.    Showing you what has been previously marked Exhibit

19  4, do you recognize that photograph?

20      A.    This is the inner door of the downstairs cellar which

21  was gained access through the back of the house.

22      Q.    Does that fairly and accurately represent how the

23  inner door appeared on October 9, 1998?

TOWER SQUARE
1500 Main St., Suite 1514        **PHILBIN & ASSOCIATES, INC.**        (413) 733-1078
Springfield, MA 01115                                                  Pittsfield (413) 499-2231
                                                                       FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1    A.    Yes.

2    Q.    Again, you referred to that as the inner door.  Now

3 showing you Exhibit 5, do you recognize that?

4    A.    This is like a panelling outer door that leads to

5 that door there, to the cellar.  This is just like a little

6 room where they could store tools, like an outer shed,

7 attached to the house.

8    Q.    Is that how entry was made into the home?

9    A.    Yes.

10    Q.    First through the outer rear exterior door and then

11 through an interior cellar door?

12    A.    Yes.

13    Q.    Showing you Exhibit 6, sir, do you recognize that?

14    A.    That's the rear of the house.  This is the small rear

15 porch where the inner door here had the pry marks upstairs.

16 And below is the outer little door that leads into the cellar

17 area.

18    Q.    Again, does both Exhibits 5 and 6 clearly represent

19 or fairly and accurately represent how the rear door area

20 looked on October 10, 1998?

21    A.    Yes.

22    Q.    Do you happen to know the approximate damage that was

23 done to the screen, window and the doors in question, the

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

**PHILBIN & ASSOCIATES, INC.**

(413) 7:3-4078
Pittsfield: (413) 4·9-:231
FAX: (413) 7:4-:588

Serving the legal community of Massachusetts for over fifty years

1   monitary value?

2       A.   We figured it was definitely over $250; not the

3   specific amount.

4       Q.   Sir, did you notice anything significant about the

5   pry marks on the one door that you informed the Grand Jury

6   about?

7       A.   We found it consistent with the screwdriver that Mr.

8   Pelletier had in his pants pocket.

9               MS. BERGER:   I have no further questions of this

10  witness at this time.   Do the members of the Grand Jury have

11  questions?

12      Q.   (By Ms. Berger)   Sir, please identify Mr. Robert

13  Pelletier by his date of birth and social security number for

14  the record?

15      A.   Mr. Robert Pelletier, date of birth of 11/2/62,

16  social security number of 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.

17              MS. BERGER:   Thank you.   Any further questions?

18  Seeing none, may the witness be excused?

19                              (Witness excused.)

20

21

22

23

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1    LUZ FLORES, sworn.

2              EXAMINATION BY MS. BERGER

3        Q.    Could you please state your name for the members of

4    the Grand Jury?

5        A.    My name is Luz Flores.

6        Q.    Would you spell your last name?

7        A.    F-L-O-R-E-S.

8        Q.    How old are you?

9        A.    Thirty-three.

10       Q.    Where are you employed?

11       A.    Housing Discrimination Project, Holyoke,

12   Massachusetts.

13       Q.    Were you so employed on October 9, 1998?

14       A.    Yes, I was.

15       Q.    What were your hours at that time?

16       A.    Nine to five.

17       Q.    Where do you live?

18       A.    63 Sycamore Street, Holyoke, Massachusetts.

19       Q.    Who do you live there with?

20       A.    My children.

21       Q.    How many children do you have?

22       A.    Four.

23       Q.    What are their ages?

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts for over fifty years

1    A.    Sixteen, fifteen, thirteen and a half and four.

2    Q.    Were you and the children home on the morning of

3    October 9, 1998?

4    A.    Yes, we were.

5    Q.    At some point did you leave in the early morning

6    hours?

7    A.    Yes, we did.

8    Q.    Could you explain to the members of the Grand Jury

9    how that occurred?

10    A.    7:15, the sixteen and fifteen year old left for

11    school; the thirteen and a half left around 7:30, 7:40 a.m. to

12    go to school.    Around 8:15 a.m. I left with the four year old.

13    Q.    When you left the home was everything secure?

14    A.    Yes.

15    Q.    Were doors and windows closed?

16    A.    Yes.

17    Q.    Doors intact?

18    A.    Yes.

19    Q.    Did you return home on that date, October 9, 1998?

20    A.    Yes, I did.

21    Q.    At what time?

22    A.    Around 11:30, 11:40.

23    Q.    Why did you return home at that time?

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

**PHILBIN & ASSOCIATES, INC.**

(413) 733-1078
Pittsfield: (413) 499-1231
FAX: (413) 734-1588

Serving the legal community of Massachusetts for over fifty years

1    A.    I received a phone call from the Holyoke Police

2   Department.   Someone had broken and entered into my home.

3    Q.    When you returned home what, if anything, occurred at

4   that time?

5    A.    I was greeted by the policeman that was there and we

6   went through the house to see what, if anything, was wrong

7   with it.

8    Q.    Where did you look first?

9    A.    We walked in the first front door and checked the

10   door.   Then we walked into the enclosed porch and looked at

11   the screen, windows.   That's where I found that the window on

12   the left, the screen had a hole in it.

13    Q.    You mentioned it's an enclosed porch?

14    A.    Enclosed porch.

15    Q.    In order to enter that enclosed porch is there an

16   outside door?

17    A.    Yes.   You have to enter the screen door and then push

18   the enclosed porch door open.

19    Q.    Then there's another door to actually enter the home?

20    A.    Exactly.

21    Q.    The interior of your home?

22    A.    Correct.

23    Q.    There was a screen that was damaged on the interior

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts for over fifty years

1    porch?

2        A.    Yes.

3        Q.    In order to obtain access would you have to enter the

4    door on the outside of the porch area?

5        A.    Yes.

6        Q.    Was the door shut when you left?

7        A.    Yes, always.

8        Q.    What, if anything, else did you notice?

9        A.    We went around to the side of the house.  In order to

10   get to the side of the house one of the windows to the

11   basement was pushed in.  We went to the back of the house.

12           The door, the first door to the basement was pulled

13   open and then the second door into the basement was -- I don't

14   know if it was kicked in or he pushed in, but it was off the

15   hinges and there was a piece of paneling missing from it.

16       Q.    So there was damage done to both doors?

17       A.    Yes.

18       Q.    Was entry made into your home through those doors?

19       A.    Yes.

20       Q.    Did you notice anything else about any doors with

21   regard to your home?

22       A.    Actually the front door and back door had pry marks

23   on them from whatever he had that he used to try to get in.

TOWER SQUARE
1500 Main St., Suite 1514        **PHILBIN & ASSOCIATES, INC.**        (413) 733-4078
Springfield, MA 01115                                                 Pittsfield (413) 499-2231
                                                                      FAX: (413) 734-4588

Serving the legal community of Massachusetts for over fifty years

1    There was pry marks on the locks there.

2        Q.    What would be the monitary value of the doors and the

3    screens that were damaged?

4        A.    For the screens, between forty and $60 and for both

5    doors, like $250 per door.

6        Q.    That's an approximate estimate?

7        A.    Approximately.

8            MS. BERGER:   Thank you.   I have no further

9    questions of this witness at this time.   Do the members of the

10   Grand Jury have any questions?   Seeing none, may the witness

11   be excused?

12                    (Witness excused.)

13                    (Evidence concluded.)

14

15

16

17

18

19

20

21

22

23

TOWER SQUARE
1500 Main St., Suite 1514
Springfield, MA 01115

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts for over fifty years

















98·2391

| 1989 Feb. 4 | 14 | PCR. |
|---|---|---|
| March 26 | | Atty. D. Frank Allowed to Withdraw Oral Mot. (Curley,J.) |
| | | Deft. will proceed pro-se. |
| | | Atty. d. Gagne app.'ed as stand by counsel (see record) |
| 31 | 15 | NAC |
| | 16 | Motion to sequestration. |
| | | End. on #8 -- Denied, Findings set forth on record. (Curley, J.)N.4/2/99 |
| | | End. on #16 -- Allowed no objection. (Curley, J.)N.4/2/99 |
| Apr. 7 | 17 | Exhibits re: Evid. hrg. |
| | 18 | NAC |
| | 19 | APP. |
| | 20 | Dis-App. # Oral Mot. on 3/26/99 |
| | | End. on #20-Allowed (Ford,J.) |
| | 21 | Mot. for Process to Issue & For Service of Process at the Expense of Comm. |
| | (21a) | Summons: Angela Sigafose (4-15-99) |
| | (21b) | Summons: Robert Sigafose (4-15-99) |
| | (21c) | Summons: Luz Flores (4-15-99) |
| | (21d) | Summons: Patricia Ferreira (4-15-99) |
| 16 | 22 | Mot. to sequester Comm. witnesses |
| | 23 | Mot. for a required finding of not guilty at the close of Comm.'s case |
| | 24 | Mot. for a required finding of not guilty at the close of all the evidence |
| | | Jury trial (with 98-2392 and 98-2393) (McDonald, J.) |
| 20 | 25 | Verdict: Guilty |
| | | Bail revoked, held w/o right to bail (McDonald, J.) |
| | 26 | List of jurors |
| | 27 | Exhibits re: Jury trial |