


UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT PELLETIER
Petitioner,

Vs.

LOIS RUSSO, SUPERINTENDENT,
Respondent.

Civil Action No. 05-30014-MAP

## MOTION TO CORRECT THE RECORD

Now comes the petitioner, Robert Pelletier, before this most Honorable Court. And humbly requests, that it order the respondent to comply with the courts order on January 20, 2005. To "file such documents which reflect on the issue as to whether the petitioner has exhausted available state remedies with respect to the matters raised by the petition." The petitioner would ask, that the court order the respondent to file a copy of the petitioners (new trial motion, with attached memorandum of law and exhibits lettered, (A) through (O). See attached affidavit ¶¶ 1,2.).

As grounds therefore, the petitioner states, that the trial judge questioned, whether the petitioner provided the relevant trial transcript sections. The Trial Judge wrote in his one-page memorandum of decision. "[T]he defendant's motion for a required finding of not guilty,

if such motion was made. A circumstance not proved by the defendant's motion as the relevant transcript was not provided." See Trial Judge's opinion, contained within the record appendix, at pages 1,2. It is also contained in the petitioners record appendix, attached to the petitioners Writ of Habeas Corpus, at pages 24-25. Contrary to the impression left by the respondent. The petitioner did provide the relevant trial transrcipt sections. See petitioners affidavit in support, at ¶3.

The respondent states in her Answers to the court at ¶11(a)(3). "The grounds raised by the petitioner in his appeal from the denial of his motion for a new trial are contained in his brief which is included in the Supplemental Answer. **The record speaks for itself.**" See attached record appendix, at page 4. The brief the petitioner submitted to the Appeals Court, did not contain the relevant trial transcript. As the transcript was already on the record with the court. Therefore, contrary to the respondents answer, at ¶11(a)(3), the record "does not speak for itself."

It would be highly prejudicial to the petitioner, if the petitioners new trial motion, and attached memorandum of law, with exhibits lettered (A) through (O), were not submitted to the court for review in this matter.

Respectfully submitted,

Dated: April 21, 2005

[signature]

Robert Pelletier, W-66434
Souza-Baranowski Correctional Center
Harvard Road
P.O. Box 8000
Shirley, Massachusetts 01464-8000

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ROBERT PELLETIER** **Petitioner,** **Vs.** **LOIS RUSSO, SUPERINTENDENT,** **Respondent.** | ) | **Civil Action No. 05-30014-MAP** |

**AFFIDAVIT IN SUPPORT OF MOTION TO CORRECT THE RECORD**

I, Robert Pelletier, do depose and state the following:

¶1 On August 28, 2002, I filed a motion for a new trial in Hampden Superior Court. Attached was a memorandum of law and exhibits, lettered (A) through (O);

¶2 My legal material has recently been lost during a move within the prison;

¶3 Contained within the lettered exhibits, that were attached to the new trial motion, were the relevant trial transcript sections.

Signed under the pains and penalties of perjury, On this Twenty-First day of April, 2005.

Robert Pelletier

Robert Pelletier, W-66434
Souza-Baranowski Correctional Center
Harvard Road
P.O. Box 8000
Shirley, Massachusetts 01464-8000

RECORD APPENDIX

Trial Judge's opinion, new trial motion/1 1,2

Respondent's Answer and Supplemental Answer. 3

/1 The trial judge's opinion is taken from the petitioners record appendix, that was attached to the Writ of Habeas Corpus, that the petitioner has filed with the court.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
CRIMINAL ACTION
NO. 98-2391

COMMONWEALTH

vs.

ROBERT PELLETIER

Denied. The indictments charging separate breakings and enterings with the intent to commit a felony were not infirm for failure to identify the felony intended. Com. v. Porcher, 26 Mass. App. Ct. 517, 521 (1988); Com. v. Willard, 53 Mass. App. Ct. 650, 656 (2002). Accordingly, failure by the defendant's counsel at the pre-trial stage to move to dismiss the indictments was not ineffective assistance of counsel, nor was the failure of appellate of counsel to raise this issue on appeal. For the same reason, the defendant's motion for a required finding of not guilty, if such motion was made, a circumstance not proved by the defendant's motion as the relevant transcript was not provided, was properly denied, and the Commonwealth's evidence otherwise was sufficient. Nor was the alleged failure to raise such issue on appeal ineffective assistance of counsel. Also, for the same reason, the court did not impermissibly amend or broaden the indictments by identifying the intended felony, under the facts of the case, as larceny. Id. The defendant failed to provide the transcript of the allegedly improper prosecutor's argument, but the motion acknowledged that the court instructed the jury that their recollection of the evidence would control. Any alleged misstatement was not persistent, flagrant, inflammatory, or calculated to unduly prejudice the jury. Com. v. BEI, Inc., 20 Mass. App. Ct. 974, 976 (1985). The court otherwise instructed the jury that the closing arguments were not evidence. The alleged errors of counsel did not fall measurably below that expected of an ordinary fallible appellate attorney, see Com. v. Saferian, 366 Mass. 89, 96 (1974), and the defendant has not shown that better performance by counsel might has accomplished something material for his appeal. See Com. v. Satterfield, 373 Mass. 109, 115 (1977). The evidence was sufficient to support the verdict, Com. v. Doucette, 408 Mass. 454, 456-457 (1990). N. 10-22.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
CRIMINAL DIVISION
INDICTMENT No.s 98-2391
98-2392(98-2393)

COMMONWEALTH

vs.

ROBERT PELLETIER

HAMPDEN COUNTY
SUPERIOR COURT
FILED
AUG 28 2002
Marie E. Maggio [signature]
CLERK-MAGISTRATE

**DEFENDANT'S MOTION FOR A NEW TRIAL**
**PURSUANT TO**
**MASS.R.CRIM.P. rule 30(b)**

The defendant hereby respectfully moves for a new trial and for other appropriate relief pursuant to Mass.R.Crim.P. 30(b). This is the defendant's first request for a new trial.

This motion is supported by attached affidavit and exhibits thereto, and the defendant's Memorandum of Law submitted herewith.

**STATEMENT OF THE CASE**
**AND PROCEEDINGS**

On October 9, 1998, the defendant was arrested and arraigned on a criminal complaint in Holyoke District Court.[1] The complaint charged the defendant with the following four offences. 1, Breaking and Entering daytime for felony. 2, Possession of Burglarious tools. 3, Resisting Arrest, and 4, Destruction of Property. At some point during the same

1/ See exhibit (A). Criminal Complaint, Holyoke District Court.

Denied. The indictments charging separate breakings and entering with the intent to commit a felony therein need not inform [for] failure to identify the felony intended. Com. v. Pacheco, 26 Mass. App. Ct. 517, 521 (1988); Com. v. Willard, 53 Mass App. Ct. 650, 656 (2002). Accordingly, failure by the defendant's counsel at the pre-trial stage to move to dismiss the indictments was not ineffective assistance of counsel, nor was the failure of appellate counsel to raise this issue on appeal. For the same reason, the defendant's motion for a required finding of not guilty, if such motion was made, a circumstance not proved by the defendant's motion, as the relevant transcript was not provided, was properly denied, and the Commonwealth's evidence otherwise was sufficient. Nor was the alleged failure to raise such issue on appeal ineffective assistance of counsel. Also for the same reason, the court did not impermissibly amend or ~~broaden~~ the indictments by identifying the intended felony under the facts of the case, as larceny. Id. The ~~[illegible]~~ defendant failed to provide the transcript of the allegedly improper prosecutor's argument, but the motion acknowledges that the court instructed the jury that ~~their recollection of~~ the evidence would control. Any alleged misstatement was not persistent, flagrant, inflammatory, or calculated to unduly prejudice the jury. Com. v. BEI, Inc., 20 Mass. App. Ct. 974, 976 (1985). The court otherwise instructed the jury that the closing arguments were not evidence. The alleged errors of counsel did not fall measurably below that expected of an ~~[illegible]~~ ordinary fallible appellate attorney. Com. v. Saferian, 366 Mass. 89, 96 (1974), and the defendant has not shown that better performance by counsel might have accomplished something material for his appeal. See Com. v. Satterfield, 373 Mass. 109, 115 (1977). The evidence was sufficient to support the verdict. Com. v. Doucette, 408 Mass. 454, 456-457 (1990).

McDonald, J.
10.20.03

n. 10/22.

n. 9/9.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT PELLETIER**, Petitioner, v. **LOIS RUSSO, SUPERINTENDENT**, Respondent. | **Civil Action No. 05-30014-MAP** |

**ANSWER**

**The respondent, Lois Russo , Superintendent of Souza-Baronowski Correctional Center in Shirley, Massachusetts, answers the numbered paragraphs of the above-captioned petition for writ of habeas corpus as follows:**

**1-8.** **Admitted.**

**9(a).** **Admitted.**

**9(b).** **Admitted.**

**9(c)** **Denied in part. The Massachusetts Appeals Court issued its decision affirming the judgment of conviction on June 12, 2002. *See Commonwealth v. Pelletier*, 55 Mass. App. Ct. 1103, 769 N.E. 2d 798 (2002).**

**9(d).** **Admitted.**

**9(e)(1).** **Admitted.**

**9(e)(2).** **Admitted.**

**9(e)(3).** **Admitted. *See Commonwealth v. Pelletier*, 443 Mass. 1101, 820 N.E. 2d 258 (TABLE)(2004).**

**9(e)(4).** **The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph.**

**10.** **Admitted.**

11(a)(1). Admitted.

11(a)(2). Admitted.

11(a)(3). The grounds raised by the petitioner in his appeal from the denial of his motion for a new trial are contained in his brief which is included in the Supplemental Answer. The record speaks for itself. (See Supplemental Answer, Exh. 1).

11(a)(4). Admitted.

11(c)(1). Admitted.

12A-12D. These paragraphs contains conclusions of law requiring no response. To the extent that the petitioner presents facts, they are denied.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph.

15.(a)-(g). The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs.

16. Admitted.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs.

And further answering, pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is also filing a Supplemental Answer with the following documents from the petitioner's state court proceedings:

1. Brief and Defendant-Appellant on Appeal to the Massachusetts Appeals Court (A.C. No. 03-P-1494)

2. Commonwealth's Memorandum of Law in Support of Its Motion for Summary Disposition (A.C. No. 03-P-1494)

3. Appellant's Reply Brief and Record Appendix ((A.C. No. 03-P-1494)

4. *Commonwealth v.Pelletier*, 62 Mass. App. Ct., 1109, 817 N.E. 2d 339 (2004)(Unpublished).

5. **Application For Further Appellate Review (FAR 14512).** ***See Commonwealth v. Pelletier*****, 443 Mass. 1101, 820 N.E. 2d 258 (TABLE)(2004)(Application denied on December 23, 2004).**

**DEFENSES**

**1. The state court adjudication of the petitioner's claims was not contrary to nor an unreasonable application of clearly established Supreme Court law nor it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.**

**2. The petition includes subordinate claims embedded in his ineffective assistance of counsel claim that are based purely on state law principles which are not cognizable on federal habeas review.**

**3. The petition includes issues not fully exhausted within the meaning of 28 U.S.C. § 2254 (b)(1)(a) and controlling precedent.**

**Respectfully submitted,**

**THOMAS F. REILLY**
**ATTORNEY GENERAL**

**Annette C. Benedetto**
**Assistant Attorney General**
**Criminal Bureau**
**One Ashburton Place**
**Boston, Massachusetts 02108**
**(617) 727-2200**
**BBO No. 037060**

**CERTIFICATE OF SERVICE**

I hereby certify, that a true copy of the enclosed documents were served upon the following person, Annette C. Benedetto. At the following location, Office of the Attorney General, One Ashburton Place, Boston, Massachusetts by first class mail, postage pre-paid, on April 21, 2005.

Robert Pelletier

Robert Pelletier, W-66434
Souza-Baranowski Correctional Center
Harvard Road
P.O. Box 8000
Shirley, Massachusetts 01464-8000

Robert Pelletier, W-66434
Souza-Baranowski Correctional Center
Harvard Road
P.O. Box 8000
Shirley, Massachusetts 01464-8000

Dated: April 21, 2005

Mary E. Finn, Docket Clerk
United States District Court, Western Division
Federal Bldg. and Courthouse
1550 Main Street
Springfield, Massachusetts 01103

Re: **Pelletier v. Russo**
C.A. No. 05-30014-MAP

Dear Ms. Finn:

At your convenience, could you please docket the following:

1) Motion to Correct the Record;

2) Affidavit in Support of Motion to Correct the Record;

3) Attached Record Appendix;

4) Certificate of Service.

Thank you, in advance, for your time and attention in this matter.

I remain,

Very truly yours,

Robert Pelletier