UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
                                    )
ROBERT PELLETIER                    )
     Petitioner,                    )
                                    )
Vs.                                 )        Civil Action No. 05-30014-MAP
                                    )
Lois Russo, SUPERINTENDENT,         )
     Respondent.                    )
                                    )
                                    )
```

PETITIONERS MEMORANDUM OF LAW
IN SUPPORT OF HIS OPPOSITION TO
RESPONDENTS MOTION TO DISMISS.
AND PETITIONERS CROSS-MOTION FOR SUMMARY DISPOSITION.

Now comes the petitioner, Robert Pelletier, pro se in the above-entitled matter. And respectfully submits to the court, his memorandum of law in opposition to respondents motion to dismiss. The petitioner would at this time also submit to the court a cross-motion for summary disposition. The petitioner would incorperate by reference his Writ of Habeas Corpus, memorandum of law in support, and attached record appendix.

As discussed more fully below, the petitioner would argue that the correct standard of review in this case, would be **de novo**.

## A. Standard of Review for the District Court

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

> prohibits a federal court from granting an application for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court unless that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Williams v. Taylor, 529 U.S. 362, 399 (2000) (internal quotations omitted). However, "AEDPA's strict standard of review only applies to a claim that was adjudicated on the merits in state court proceedings." Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir.2001), cert denied, 535 U.S. 1018 (2002); see also Ellswroth v. Warden, 333 F.3d 1, 6 (1st Cir.2003). If a claim was not adjudicated on the merits in a state court proceeding, then the issue is reviewed de novo. Id.

## B. Unreasonable Determination of the Facts

A "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593 (1982).

Neither the trial court (judge) nor the Appeals Court, ever made any finding of fact in this matter. In fact, the only person that did make a finding of fact, was the attorney for the Commonwealth who wrote the "Commonwealth's Memorandum of Law in Support of its Motion for Summary Disposition" (A.C. No. 03-P-1494). See respondents (<u>Supplemental Answer</u>) at ¶2.

The respondents representative, in her (<u>Supplemental Answer</u>) to the Court, submitted the Defendant-Appellants Appeal to the Massachusetts Appeals Court, see at ¶1. Contained within the record appendix that is attached to the appellate brief, is a copy of the petitioners "<u>New Trial Motion</u>", which is located at RA 17. Located at RA 94, is a one page copy of the trial judge's decision, denying the "<u>New Trial Motion</u>". The judge writes:

> Denied. The indictments charging separate breakings and enterings with the intent to commit a felony were not infirm for failure to identify the felony intended. <u>Com. v. Porcher</u>, 26 Mass.App.Ct. 517, 521 (1988); <u>Com. v. Willard</u>, 53 Mass.App.Ct. 650, 656 (2002). Accordingly, failure by the defendant's counsel at the pre-trial stage to move to dismiss the indictments was not ineffective assistance of counsel, nor was the failure of appellate of counsel to raise this issue on appeal. **For the same reason, the defendant's motion for a required finding of not guilty, if such motion was made, a circumstance not proved by the defendant's motion as the relevant transcript was not provided, was properly denied,** and the Commonwealth's evidence otherwise was sufficient. Nor was the alleged failure to raise such issue on appeal ineffective assistance of counsel. Also, for the same reason, the court did not impermissibly amend or broaden the indictments by identifying the

3

    intended felony, under the facts of the case, as larceny. Id. **The defendant failed to provide the transcript of the allegedly improper prosecutor's argument,** but the motion acknowledged that the court instructed the jury that their recollection of the evidencewould control. Any alleged misstatement was not persistent, flagrant, inflammatory, or calculated to unduly prejudice the jury. Com. v. BEI, Inc., 20 Mass.App.Ct. 974, 976 (1985). The court otherwise instructed the jury that closing arguments were not evidence. The alleged errors of counsel did not fall measurably below that expected of an ordinary fallible appellate attorney, see Com. v. Saferian, 366 Mass. 89, 96 (1974), and the defendant has not shown that better performance by counsel might has accomplished something material for his appeal. See Com. v. Satterfield, 373 Mass. 109, 115 (1977). The evidence was sufficient to support the verdict, Com. v. Doucett, 408 Mass 454, 456-457 (1990). N. 10-22

In responce to the respondents (Supplemental Answer). The petitioner filed a "Motion to Correct the Record" with supporting affidavit. In that motion the petitioner stated the following:

    Now comes the petitioner, Robert Pelletier, before this most Honorable Court. And Humbly requests, that it order the respondent to comply with the courts order on January 20, 2005. To "file such documents which reflect on the issue as to whether the petitioner has exhausted available state remedies with respect to the matters raised by the petition." The petitioner would ask, that the court order the respondent to file a copy of the petitioners (new trial motion, with attached memorandum of law and exhibits lettered, (A) through (O). See attached affidavit ¶¶ 1,2.).
    As grounds therefore, the petitioner states, that the trial judge questioned, whether the petitioner provided the relevant trial transcript sections. The trial judge wrote in his one-page memorandum of decision. "[T]he defendant's motion for a required finding of not guilty, if such motion was made. A circumstance not proved by the defendant's motion as the relevant transcript was not provided." See trial judge's opinion, contained within the record appendix, at pages 1,2. It is also contained in the

petitioners record appendix, attached to the petitioners Writ of Habeas Corpus, at pages 24-25. Contrary to the impression left by the respondent. The petitioner did provide the relevant trial transcript sections. See petitioners affidavit in support, at ¶3.

The respondent states in her <u>Answers</u> to the court at ¶11(a)(3). "The grounds raised by the petitioner inhis appeal from the denial of his motion for a new trial are contained in his brief which is included in the Supplemental Answer. **The record speaks for itself.**" See attached record appendix, at page 4. The brief the petitioner submitted to the Appeals Court, did not contain the relevant trial transcript. As the transcript was already on the record with the court. Therefore, contrary to the respondents answer, at ¶11(a)(3), the record "does not speak for itself."

It would be highly prejudicial to the petitioner, if the petitioners new trial motion, and attached memorandum of law, with exhibits lettered (A) through (O), were not submitted to the court for review in this matter.

In the attached affidavit the petitioner deposed and stated the following:

¶1 On August 28, 2002, I filed a motion for a new trial in Hampden Superior Court. Attached was a memorandum of law and exhibits, lettered (A) through (O);

¶2 My legal material has recently been lost during a move within the prison;

¶3 Contained within the lettered exhibits, that were attached to the new trial motion, were the relevant trial transcript sections.

Now see respondents (<u>Supplemental Answer</u>) at ¶1. (Record Appendix) attached to "Brief and Defendant-Appellant on Appeal to the Massachusetts Appeals Court (A.C. No. 03-P-1494)." The following pages, maked RA 21, 22, 25, and 27, contain the following footnotes:

Page 21, footnote 9, See exhibit (I). Trial testimony of Patricia Ferreira.

Page 21, footnote 10, See exhibit (J). Trial testimony

of Luz Flores.

Page 22, footnote 11, See exhibit (K). Trial testimony of Officer Westbrook.

Page 22, footnote 12, See exhibit (L). Trial transcript, Motion for Directed Verdict.

Page 25, footnote 13, See exhibit (M). Prosecuters closing argument.

Page 27, footnote 14, See exhibit (O). Courts instruction as to the intended felony.

Its clear from the record that the trial judge did not adequately review the petitioners "New Trial Motion".

After the petitioner filed his appellate brief, in the Appeals Court concerning the denial of his "New Trial Motion". The attorney for the Commonwealth filed a "Memorandum of Law in Support of its Motion for Summary Disposition." See respondents (Supplemental Answer) at ¶2. The Massachusetts Appeals Court, issued a "Memorandum And Order Pursuant to Rule 1:28" stating "Order denying motion for new trial affirmed." See respondents (Supplemental Answer) at ¶4.

In that decision the Appeals Court ruled on three arguments made by the petitioner. The first being:

> Indictments. "[A] **burglary indictment need not ... specify the intended felony by name, as the identity of the felony is not an element of the crime and the jury can find an intent to commit an unspecified felony.**" Commonwealth v. Willard, 53 Mass.App.Ct 650, 656 (2002). We agree with the motion judge that the indictments were not infirm. Thus, a motion to dismiss the indictments was foredoomed.

The highlighted portion, is taken word for word, from

the "Commonwealth's Memorandum of Law in support of its Motion for Summary Disposition." See respondents (<u>Supplemental Answer</u>) ¶2 page 4.

The second issue that the Appeals Court ruled on was:

> Sufficiency of the evidence. The motion judge was well within his discretion to reject the defendant's challenge and conclude that the evidence was more than sufficient to prove guilt beyond a reasonable doubt. **The neighbor who called the police saw the defendant exiting the** subject house near high noon on the date in question. **The front porch screen window had been cut; there were fresh pry marks by the rear door; and an interior door had been ripped off its hinges.** When stopped by the police officers, the defendant **had a screwdriver and knife in his pants pocket.** It is settled law that circumstantial evidence is sufficient to sustain a guilty verdict. See e.g. <u>Commonwealth v. Merola</u>, 405 Mass 529, 533 (1989).

The highlighted portion, is taken word for word, from the "Commmonwealth's Memorandum of Law in support of its Motion for Summary Disposition." See respondents (<u>Supplemental Answer</u>) ¶2 pages 5 and 6.

The third issue that the Appeals Court ruled on was:

> Closing arguments. The defendant accuses the prosecutor of making misstatements in her closing argument. We disagree. See <u>Commonwealth v. Silva</u>, 401 Mass 318, 329 (1987) (phrase "I suggest" is "a rhetorical device [designed] to urge the jury to draw inferences from the evidence favorable to [the] case"). Furthermore, the judge directed the jurors to use their "common sence, good reasoning, and good judgment."
> In light of these instructions, the jurors would not have concluded that the prosecutor was suggesting that the neighbor, Ms. Ferreira, somehow had the capacity to see through the solide structure of the house and

7

> observe the defendant standing on the far side, he says, vomiting. The defendant has failed to show serious incompetency, inefficiency, or inattention on appellate counsel's part that deprived him of an otherwise available, substantial ground of defense in respect to a potential appellate challenge to the prosecutor's closing. See <u>Commonwealth v. Saferian</u>, 366 Mass. 89, 96 (1974). In short, even if the judge credited the defendant's story about vomiting there, was ample time and opportunity for the defendant to break into the back of the house.

By simply changing the words around in the Commonwealth's "Memorandum" of Law in support of its Motion for Summary Disposition. See respondents (<u>Supplemental Answer</u>) ¶2 at pages 6 through 11. The Appeals Court wrote its decision. So in essence, the trial judge "<u>never</u>" fully reviewed the petitioners "<u>New Trial Motion</u>" and the Massachusetts Appeals Court, wrote their decision affirming the trial judge's denial of the petitioners new trial motion, by copying its ruling from the Commonwealth's Mwmorandum of Law in support of its Motion for Summary Disposition.

If this is not a case for <u>de novo</u> review, then the petitioner would argue that there is never a case that deserves that standard of review.

The petitioner incorperates the "Statement of the Case" and "Statement of the Facts" from his memorandum of law in support for his Writ of Habeas Corpus. The petitioner would incorperate his entire memorandum of law in support for a Writ of Habeas Corpus in order to contest the Commonwealth's "Motion to Dismiss."

                                        Respectfully submitted,
                                        by the Petitioner,

Dated: July 6, 2005           /s/ Robert Pelletier
                                        Robert Pelletier, pro se
                                        Souza-Baranowski Correctional Center
                                        Harvard Road
                                        P.O. Box 8000
                                        Shirley, Massachusetts 01464-8000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above documents was served upon the Assistant Attorney General, Annette C. Benedetto, by first class mail, postage pre-paid, on July 6, 2005.

Annette C. Benedetto
Assistent Attorney General
Criminal Bureau
One Ashburton Place
Boston, Ma 02108

Robert Pelletier, pro se
Souza-Baranowski Correctional Center
Harvard Road
P.O. Box 8000
Shirley, Massachusetts 01464-8000